IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI

```
TIMOTHY SALLEE                        )
1543 S. SOMORA DR.                    )
COLUMBIA, MO 65201                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )   Case No. _____
                                      )
WAL-MART STORES EAST, LP              )
d/b/a Wal-Mart Supercenter #159       )
                                      )
Serve:                                )
     CT CORPORATION SYSTEM            )
     120 SOUTH CENTRAL AVE.           )
     CLAYTON, MO 63105                )
                                      )
          Defendant.                  )
```

## PETITION

COMES NOW Plaintiff, Timothy Sallee, by and through his counsel, Thad R. Mulholland, and for his cause of action against Defendant, states as follows:

1. Plaintiff, an individual, resides in Boone County, Missouri.

2. Defendant Wal-Mart Stores East, LP ("Defendant Wal-Mart") is a foreign limited partnership which does business in the State of Missouri and all times mentioned herein owned and operated a retail sales business known as Wal-Mart Supercenter #159 located at 415 Conley Road, Columbia, Boone County, Missouri. Said Defendant can be served with process by service on its registered agent, CT Corporation Systems, 120 South Central Avenue, Clayton, Missouri.

3. All of the events alleged herein occurred in Boone County, Missouri.

4. Pursuant to RSMo § 508.010(4), venue is proper in Boone County, Missouri.

5. On or about February 6, 2020, as Plaintiff was shopping in Defendant Wal-Mart's Conley Road store in Columbia, Missouri, Plaintiff was caused to slip and fall to the floor as a result of a wet rug on the floor.

6. Thought not readily apparent to Plaintiff, the rug was saturated in what is believed to be water.

7. The wet rug caused Plaintiff's feet to slide away from his body causing him to land directly on his back and hit his head, sustaining severe injuries.

8. The condition of the floor in Defendant's store, specifically the presence of the wet rug, was of such a nature that Defendant knew, or with the exercise of reasonable care could have known, that the condition of said floor with the existence and presence of said wet rug constituted a dangerous condition.

9. Defendant, by and through its agents or employees, knew or with exercise of reasonable care could have known, of the dangerous condition on the property, to-wit, the presence of said debris, in sufficient time prior to Plaintiff's fall to have taken measures to protect Plaintiff from the dangerous

condition, warn of the dangerous condition, or remove the dangerous condition in that one or more of Defendant's agents or employees caused the wet rug to be on the floor and/or one or more of Defendant's agents or employees had passed by or near the area of the wet rug while the wet rug was on the floor and failed to take any measures to warn of the condition or to remove the wet rug.

10. Said dangerous condition on the property of Defendant created a reasonably foreseeable risk of harm of the kind of injury which was sustained by Plaintiff.

11. The above referenced actions and/or inactions of Defendant, acting or failing to act by and through its agents and employees while acting in the scope and course of their agency or employment, constitute negligence in one or more of the following ways:

    A. Defendant failed to institute and/or practice policies and procedures for the periodic inspection of the floors by its employees to ensure that the floors in the store were clear of items that would present a danger;

    B. Defendant, by and through its employees, failed to institute and/or practice policies and procedures and training for employees at said store to conduct periodic inspections

of the floors by its employees to ensure that the floors in the store were clear of items that would present a danger to customers;

C. Defendant, by and through its employees, failed to identify the item which caused Plaintiff's fall, failed to remove same, or failed to warn of same though it had or through the exercise of reasonable care would have had time to do so;

D. Defendant, by and through its agents and employees, caused the item to be on the floor at the location of Plaintiff's fall.

12. Defendant's negligence and/or the negligence of their employees acting in the scope and course of their employment as set forth above, caused or contributed to cause Plaintiff to suffer from serious and permanent injuries to his head, shoulder, elbow, hip, and spine which resulted from the fall.

13. Specifically, Defendant's negligence (including the negligence of its agents and employees) as set forth above, caused or contributed to cause Plaintiff to suffer a concussion, shoulder sprain, and a large cervical disk extrusion at C4-C5 which contacts and deforms the cervical cord and moderately narrowed the central canal.

14. Defendant's negligence (including the negligence of its agents and employees) as set forth herein caused or contributed to cause Plaintiff to undergo multiple steroid injections to help the injuries to his spine, as well as cervical spine fusion, both surgical procedures to repair his herniated C4-C5 disk.

15. As a direct and proximate result of Defendant's negligence (including the negligence of Defendant's agents and employees) as set forth above, Plaintiff incurred substantial medical bills in an amount to be proven with reasonable certainty at trial.

16. As a direct and proximate result of Defendant's negligence (including the negligence of Defendant's agents and employees) as set forth above, Plaintiff has suffered, and will continue to suffer in the future, severe pain and suffering, loss of enjoyment of life, loss of income, physical impairment and disability, emotional distress, and physical disfigurement all of which are permanent and progressive.

17. As a direct and proximate result of Defendant's negligence (including the negligence of Defendant's agents and employees), Plaintiff will be caused to undergo additional medical evaluation and treatment, including surgeries, and will incur future medical bills and other associated expenses in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant in an amount that is fair and reasonable, for his costs incurred herein, and for any other and further relief that this Court deems just and proper.

Respectfully Submitted,

_____
Thad R. Mulholland
Eng & Woods
Missouri Bar No. 44182
903 East Ash Street
Columbia, Missouri 65201
Phone:    (573)874-4190
Fax:      (573)874-4192
tmulholland@engandwoods.com
Attorneys for Plaintiff